Roland Tellis (*pro hac vice* to be filed)
rtellis@baronbudd.com
Jonas P. Mann (NJ Bar No. 020372007)
jmann@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone:   (818) 839-2333
Facsimile:   (818) 986-9698

Raymond P. Boucher (*pro hac vice* to be filed)
ray@boucher.la
Brian Bush (*pro hac vice* to be filed)
bush@boucher.la
**BOUCHER LLP**
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367
Telephone:   (818) 340-5400
Facsimile:   (818) 340-5401

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HILLARY HEPNER, RACHEL KOREN, CAITLIN O'CONNOR, JAIME EDMONDSON LONGORIA, CORA SKINNER, and LUCY PINDER,<br><br>        Plaintiffs,<br>   v.<br><br>DAVEJOE RE, LLC, d/b/a SANCTUARY GENTLEMEN'S CLUB,<br><br>        Defendant. | Docket No.<br><br>**COMPLAINT FOR:**<br><br>(1)  Misappropriation of Likeness;<br>(2)  False Endorsement, 15 U.S.C. § 1125(a);<br>(3)  False Endorsement, N.J.S.A. 56:4-1; and<br>(4)  Unfair Competition.<br><br><br>**Jury Trial Demanded** |

Plaintiffs Hillary Hepner, Rachel Koren, Caitlin O'Connor, Jaime Edmondson Longoria, Cora Skinner , and Lucy Pinder ("Plaintiffs") set forth and allege as follows:

## INTRODUCTION AND PARTIES

### A. <u>Plaintiffs</u>

1. Plaintiff Hillary Hepner ("Hepner") is, and at all times relevant to this action was, a professional model and actress, and a resident of South Carolina.

2. Plaintiff Rachel Koren ("Koren") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

3. Plaintiff Caitlin O'Connor  ("O'Connor") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

4. Plaintiff Jaime Edmondson Longoria ("Edmondson") is, and at all times relevant to this action was, a professional model and actress, and a resident of Florida.

5. Plaintiff Cora Skinner ("Skinner") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

6. Plaintiff Lucy Pinder ("Pinder") is, and at all times relevant to this action was, a professional model and actress, and a resident of the United Kingdom.

### B. <u>Defendant</u>

7.     Upon information and belief, DaveJoe RE, LLC, ("Defendant")  is a limited liability company organized and existing under the laws of the State of New Jersey with a principal place of business at 3926 North Delsea Drive, Vineland, Cumberland County, New Jersey.

8.     Upon information and belief, Defendant is now, and at all times mentioned herein was, the operator of the Sanctuary Gentlemen's Club ("Sanctuary"), which is a strip club, located at 3926 North Delsea Drive, Vineland, Cumberland County, New Jersey.

9.     Upon information and belief, Defendant owns and/or operates various social media accounts, including Facebook (https://www.facebook.com/sanctuarynj/) and Instagram (https://www.instagram.com/sanctuaryofnj/), through which it promotes, endorses, and markets its business, solicits customers, and advertises events for Sanctuary.

10.     Upon information and belief, Defendant has, and at all times mentioned herein had, control over the contents of its social media accounts.

## JURISDICTION AND VENUE

11.     This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs allege violations of 15 U.S.C. §1125, *et seq.*, (Lanham Act).

12.     Venue is proper in this Court under 28 U.S.C. § 1391 because the Defendant is located in this judicial district.

## FACTUAL BACKGROUND

13.     Each Plaintiff is, and at all times mentioned herein was, a professional model and actress who earns a living by commercializing her identity, image, and likeness for many business endeavors, including the advertisement and promotion of products and services through negotiated, arms-length transactions with reputable commercial brands and companies.

14.     A model's reputation directly impacts the commercial value associated with the use of image, likeness, or identity to promote a product or service. As such, she has the right to control the commercial exploitation of her name, photograph, and likeness.

15.     Each Plaintiff expended and continues to expend substantial effort, resources, and time in building her reputation in the modeling industry.

16.     Each Plaintiff carefully considers the reputation, brand, and type of good or service advertised by any potential client prior to authorizing the use of her image or likeness.

17.     Each Plaintiff's career in modeling and acting has substantial value derived from the goodwill and reputation each has built. Each Plaintiff commands substantial sums of money for the licensed commercial use of her image.

18.     Defendant has brazenly and repeatedly, without consent, misappropriated Plaintiffs' images and likenesses for use in its advertising materials produced to market and promote its strip club.

4

19.     Defendant's unauthorized use of Plaintiffs' images and likenesses was knowing, willful, and intentional.

20.     Defendant's use of Plaintiffs' images and likenesses was for Defendant's commercial benefit. Defendant used Plaintiffs' images to drive traffic to Defendant's strip club and increase revenue.

21.     Defendant's use of the Plaintiffs' images on Defendant's social media accounts falsely suggests Plaintiffs' sponsorship of, affiliation with, and participation in Defendant's business.

22.     Defendant never sought nor obtained permission to use any of the Plaintiffs' images and likenesses.

23.     Plaintiffs at no time gave Defendant permission to use their images to promote Sanctuary's business, services, and/or company, or for any other purpose.

24.     Defendant has never paid any of the Plaintiffs for its unauthorized use of their images or likenesses.

25.     Plaintiffs, by FedEx on August 10, 2017, demanded that Defendant cease and desist use of their images and likenesses.

26.     Defendant's representative responded to the letter stating that they removed the images on August 13, 2017. However, Plaintiffs remain uncompensated for the unlawful use of their images and likenesses.

## **PLAINTIFFS' ALLEGATIONS**

27.     Plaintiffs re-state and re-allege paragraphs 1-26 above and incorporate the same by reference as though fully set forth herein.

### *Plaintiff Hillary Hepner*

28.     Plaintiff Hepner is a professional model.

29.     In all prior instances of authorized commercial marketing and promotion of her image, likeness, or identity by third parties, Plaintiff Hepner negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

30.     Defendant's use of Plaintiff Hepner's image on its Facebook account (previously accessible via the URL: https://www.facebook.com/sanctuarynj/photos/a.436192596442570.101982133209 646740868/908991565829335/?type=3&theater) began on June 29, 2015, was unauthorized, and for a commercial purpose.

31.     Defendant has never hired or contracted with Plaintiff Hepner to advertise, promote, market, or endorse Defendant's business.

32.     In the image used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Hepner.

33.     Defendant's appropriation of the image of Plaintiff Hepner was for the purpose of advertising or soliciting patronage of the Defendant's establishment.

34.     Defendant has never sought Plaintiff Hepner's permission, nor did Plaintiff give Defendant permission to use the image to advertise and promote its club.

35.     Defendant has never compensated Plaintiff Hepner for any use of her image and likeness.

36.     Defendant had actual knowledge that it was using Plaintiff Hepner's image without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Hepner's image and identity in total disregard of Plaintiff's rights.

37.     Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Hepner's image and likeness.

38.     As a direct and proximate result of Defendant's unauthorized use of Plaintiff Hepner's image and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

39.     Plaintiff Hepner has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Rachel Koren

40.     Plaintiff Koren is a professional model.

41.     In all prior instances of authorized commercial marketing and promotion of her image, likeness, or identity by third parties, Plaintiff Koren negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

42.     Defendant's first use of Plaintiff Koren's images on its Facebook account (previously accessible via the URL: https://www.facebook.com/sanctuarynj/photos/a.389235424471621.88592.133209 646740868/874300229298469/?type=3&theater) began on April 26, 2015, was unauthorized, and for a commercial purpose.

43.     Defendant's second use of Plaintiff Koren's images on its Facebook account (previously accessible via the URL: https://www.facebook.com/sanctuarynj/photos/a.436192596442570.101982133209 646740868/875536772508148/?type=3&theater) began on April 28, 2015, was unauthorized, and for a commercial purpose.

44.     Defendant's third use of Plaintiff Koren's images on its Facebook account (previously accessible via the URL: https://www.facebook.com/sanctuarynj/photos/a.389235424471621.88592.133209 646740868/1044390488956108/?type=3&theater) began on March 21, 2016, was unauthorized, and for a commercial purpose.

45.     Defendant's fourth use of Plaintiff Koren's images on its Facebook account (previously accessible via the URL:

https://www.facebook.com/sanctuarynj/photos/a.436192596442570.101982.13320

9646740868/1074600749268415/?type=3&theater) began on May 2, 2016, was

unauthorized, and for a commercial purpose.

46.     Defendant's fifth use of Plaintiff Koren's images on its Instagram

account (previously accessible via the URL: https://www.instagram.com/p/BEpJU-

oxEiZJ) began on May 2, 2016, was unauthorized, and for a commercial purpose.

47.     Defendant's sixth use of Plaintiff Koren's images on its Facebook

account (previously accessible via the URL:

https://www.facebook.com/sanctuarynj/photos/a.389235424471621.88592.133209

646740868/1262856383776183/?type=3&theater) began on December 7, 2016,

was unauthorized, and for a commercial purpose.

48.     Defendant's seventh use of Plaintiff Koren's images on its Facebook

account (previously accessible via the URL:

https://www.facebook.com/sanctuarynj/photos/a.389235424471621.88592.133209

646740868/1262856383776183/?type=3&theater) began on December 14, 2016,

was unauthorized, and for a commercial purpose.

49.     Defendant has never hired or contracted with Plaintiff Koren to

advertise, promote, market, or endorse Defendant's business.

50.     In the images used by the Defendant to promote its business and

advertise upcoming events, Plaintiff is readily identifiable in that any person seeing

the photographs with the naked eye can reasonably determine that the person depicted is Plaintiff Koren.

51.     Defendant's appropriation of the images of Plaintiff Koren was for the purpose of advertising or soliciting patronage of the Defendant's establishment.

52.     Defendant has never sought Plaintiff Koren's permission, nor did Plaintiff give Defendant permission to use the images to advertise and promote its club.

53.     Defendant has never compensated Plaintiff Koren for any use of her image and likeness.

54.     Defendant had actual knowledge that it was using Plaintiff Koren's images without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Koren's images and identity in total disregard of Plaintiff's rights.

55.     Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Koren's images and likeness.

56.     As a direct and proximate result of Defendant's unauthorized usage of Plaintiff Koren's images and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

57.     Plaintiff Koren has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness,

resulting in damages, the total amount of which will be established by proof at trial.

### *Plaintiff Caitlin O'Connor*

58.     Plaintiff O'Connor is a professional model.

59.     In all prior instances of authorized commercial marketing and promotion of her image, likeness, or identity by third parties, Plaintiff O'Connor negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

60.     Defendant's first use of Plaintiff O'Connor's images on its Facebook account (previously accessible via the URL: https://www.facebook.com/sanctuarynj/photos/a.436192596442570.101982133209 646740868/819109261484233/?type=3&theater) began on January 11, 2015, was unauthorized, and for a commercial purpose.

61.     Defendant's second use of Plaintiff O'Connor's images on its Facebook account (previously accessible via the URL: https://www.facebook.com/sanctuarynj/photos/a.436192596442570.101982133209 646740868/958380127557145/?type=3&theater) began on October 8, 2015, was unauthorized and for a commercial purpose.

62.     Defendant has never hired or contracted with Plaintiff O'Connor to advertise, promote, market, or endorse Defendant's business.

63.     In the images used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing the photographs with the naked eye can reasonably determine that the person depicted is Plaintiff O'Connor.

64.     Defendant's appropriation of the images of Plaintiff O'Connor was for the purpose of advertising or soliciting patronage of Defendant's establishment.

65.     Defendant has never sought Plaintiff O'Connor's permission, nor did Plaintiff give Defendant permission to use the images to advertise and promote its club.

66.     Defendant has never compensated Plaintiff O'Connor for any use of her image and likeness.

67.     Defendant had actual knowledge that it was using Plaintiff O'Connor's images without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff O'Connor's images and identity in total disregard of Plaintiff's rights.

68.     Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff O'Connor's images and likeness.

69.     As a direct and proximate result of Defendant's unauthorized use of Plaintiff O'Connor's images and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

70.     Plaintiff O'Connor has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Jaime Edmondson Longoria

71.     Plaintiff Edmondson is a professional model.

72.     In all prior instances of authorized commercial marketing and promotion of her image, likeness, or identity by third parties, Plaintiff Edmondson negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

73.     Defendant's use of Plaintiff Edmondson's image on its Facebook account (previously accessible via the URL: https://www.facebook.com/sanctuarynj/photos/a.436192596442570.101982133209 646740868/951151718279986/?type=3&theater) began on September 21, 2015, was unauthorized, and for a commercial purpose.

74.     Defendant has never hired or contracted with Plaintiff Edmondson to advertise, promote, market, or endorse Defendant's business.

75.     In the image used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing

the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Edmondson.

76.     Defendant's appropriation of the image of Plaintiff Edmondson was for the purpose of advertising or soliciting patronage of the Defendant's establishment.

77.     Defendant has never sought Plaintiff Edmondson's permission, nor did Plaintiff give Defendant permission to use the image to advertise and promote its club.

78.     Defendant has never compensated Plaintiff Edmondson for any use of her image and likeness.

79.     Defendant had actual knowledge that it was using Plaintiff Edmondson's image without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Edmondson's image and identity in total disregard of Plaintiff's rights.

80.     Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Edmondson's image and likeness.

81.     As a direct and proximate result of Defendant's unauthorized usage of Plaintiff Edmondson's image and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

82.     Plaintiff Edmondson has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive

right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Cora Skinner

83.     Plaintiff Skinner is a professional model.

84.     In all prior instances of authorized commercial marketing and promotion of her image, likeness, or identity by third parties, Plaintiff Skinner negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

85.     Defendant's use of Plaintiff Skinner's image on its Facebook account (previously accessible via the URL: https://www.facebook.com/sanctuarynj/photos/a.389235424471621.88592.133209 646740868/389235437804953/?type=3&theater) began on July 9, 2012, was unauthorized, and for a commercial purpose.

86.     Defendant has never hired or contracted with Plaintiff Skinner to advertise, promote, market, or endorse Defendant's business.

87.     In the image used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Skinner.

88.     Defendant's appropriation of the image of Plaintiff Skinner was for the purpose of advertising or soliciting patronage of the Defendant's establishment.

89.     Defendant has never sought Plaintiff Skinner's permission, nor did Plaintiff give Defendant permission to use the image to advertise and promote its club.

90.     Defendant has never compensated Plaintiff Skinner for any use of her image and likeness.

91.     Defendant had actual knowledge that it was using Plaintiff Skinner's image without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Skinner's image and identity in total disregard of Plaintiff's rights.

92.     Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Skinner's image and likeness.

93.     As a direct and proximate result of Defendant's unauthorized use of Plaintiff Skinner's image and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

94.     Plaintiff Skinner has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

*Plaintiff Lucy Pinder*

95.    Plaintiff Pinder is a professional model.

96.    In all prior instances of authorized commercial marketing and promotion of her image, likeness, or identity by third parties, Plaintiff Pinder negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

97.    Defendant's first use of Plaintiff Pinder's images on its Facebook account (previously accessible via the URL: https://www.facebook.com/sanctuarynj/photos/a.161545123907320.37108.133209 646740868/1379016905493463/?type=3&theater) began on April 12, 2017, was unauthorized, and for a commercial purpose.

98.    Defendant's second use of Plaintiff Pinder's images on its Instagram account (previously accessible via the URL: https://www.instagram.com/p/BS4J6x-Db04/) began on April 12, 2017, was unauthorized, and for a commercial purpose.

99.    Defendant has never hired or contracted with Plaintiff Pinder to advertise, promote, market, or endorse Defendant's business.

100.   In the images used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing the photographs with the naked eye can reasonably determine that the person depicted is Plaintiff Pinder.

101.   Defendant's appropriation of the images of Plaintiff Pinder was for the purpose of advertising or soliciting patronage of the Defendant's establishment.

102.   Defendant has never sought Plaintiff Pinder's permission, nor did Plaintiff give Defendant permission to use the images to advertise and promote its club.

103.   Defendant has never compensated Plaintiff Pinder for any use of her image and likeness.

104.   Defendant had actual knowledge that it was using Plaintiff Pinder's images without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Pinder's images and identity in total disregard of Plaintiff's rights.

105.   Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Pinder's images and likeness.

106.   As a direct and proximate result of Defendant's unauthorized use of Plaintiff Pinder's images and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

107.   Plaintiff Pinder has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

## COUNT I

## Misappropriation of Likeness

108.   Plaintiffs re-state and re-allege paragraphs 1 through 107 above and incorporate the same by reference as though fully set forth herein.

109.   Plaintiffs have a right to control the commercial use of their names, images, and likenesses. Under New Jersey law, the unauthorized use of a person's image or likeness for a predominately commercial purpose is unlawful.

110.   Defendant's use of Plaintiffs' images and likenesses to advertise its strip club business constitutes a use for commercial purposes.

111.   Defendant's use of Plaintiffs' photographs and likenesses did not occur in connection with the dissemination of news or information and was without a redeeming public interest or historical value.

112.   Defendant never obtained Plaintiffs' consent for the use of their images and likenesses.

113.   Defendant's use of each Plaintiff's photographs and likenesses was willful and deliberate.

114.   As a direct and proximate result of Defendant's scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendant's strip club, Defendant enjoyed increased revenues and profits.

115.   As a further direct and proximate result of Defendant's deliberate and willful conduct, Plaintiffs suffered actual damages in an amount to be established at trial.

## COUNT II

## Unfair Competition / False Endorsement

## Lanham Act, 15 U.S.C. §1125(a)

116.   Plaintiffs re-state and re-allege paragraphs 1 through 115 above and incorporate the same by reference as though fully set forth herein.

117.   Plaintiffs, through their careers in modeling, advertising, and acting have all attained fame and celebrity.

118.   Each Plaintiff enjoys a substantial social media following and has appeared in numerous publications, television, and/or films.

119.   Each Plaintiff earns her living by commercializing her identity for use by reputable brands and services through arms-length negotiated transactions.

120.   Each Plaintiff possesses a valid and protectable mark in the form of her persona, image, likeness, and identity.

121.   Each Plaintiff has, and at all times mentioned herein, possessed, maintained, and safeguarded her exclusive right to control the use of her persona, image, likeness, and identity.

122.   Prior to authorizing the use of her image, likeness, or identity, each Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

123.   Without consent, Defendant placed Plaintiffs' images and likenesses on advertisements promoting its strip club business.

124.   In Defendant's advertisements that contain Plaintiffs' images and likenesses, Plaintiffs are clearly depicted and readily identifiable.

125.   Defendant misappropriated Plaintiffs' images and likenesses in order to create the false impression that Plaintiffs are somehow affiliated with, have endorsed, or otherwise participate in Defendant's strip club business.

126.   Defendant never sought Plaintiffs' consent to use their images or likeness.

127.   Plaintiffs have never been employed by, danced at, or affiliated themselves in any way with Defendant's strip club.

128.   Plaintiffs would not agree to allow their image or likeness to be used to promote Defendant's strip club business.

129.   Defendant, at all times mentioned herein, knew or should have known that it had no right to use Plaintiffs' images or likenesses to promote its strip club business.

130.   Defendant intended to create the false impression that Plaintiffs performed at or otherwise endorsed Defendant's business.

131.   Defendant placed the misappropriated images on the very same marketing channels (including Facebook and Instagram) used by Plaintiffs to promote themselves.

132.   Defendant's misappropriation of Plaintiffs' images is likely to cause confusion as to Plaintiffs' affiliation with, sponsorship of, and/or participation in Defendant's strip club business.

133.   Upon information and belief, Defendant's misappropriation has caused actual confusion among consumers as to Plaintiffs' affiliation with, endorsement of, and participation in Defendant's strip club business.

134.   Defendant knew or should have known that obtaining the right to use Plaintiffs' images and likenesses would have required consent and substantial compensation.

135.   Defendant's repeated and brazen unauthorized use of Plaintiffs' images and likenesses, without seeking their consent, constitutes willful and deliberate conduct.

136.   As a direct and proximate result of Defendant's scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendant's strip club, Defendant enjoyed increased revenues and profits.

137.   As a further direct and proximate result of Defendant's deliberate and willful conduct, Plaintiffs suffered actual damages in an amount to be established at trial.

## COUNT III

## Unfair Competition / False Endorsement

## N.J.S.A. 56:4-1, *et seq.*

138.   Plaintiffs re-state and re-allege paragraphs 1 through 137 above and incorporate the same by reference as though fully set forth herein.

139.   Defendant's unauthorized use of Plaintiffs' images and likenesses in connection with creating the false impression that they were affiliated with and endorsed Defendant's business constitutes unfair competition under N.J.S.A. 56:4-1.

140.   As a direct and proximate result of Defendant's scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendant's strip club, Defendant enjoyed increased revenues and profits.

141.   As a further direct and proximate result of Defendant's deliberate and willful conduct, Plaintiffs suffered actual damages in an amount to be established at trial.

142.   Defendant's wrongful and deliberate conduct has caused significant damage to Plaintiffs, both directly and indirectly, and Plaintiffs request treble damages as authorized by N.J.S.A. 56:4-2.

## COUNT IV

## Common Law Unfair Competition

143.   Plaintiffs re-state and re-allege paragraphs 1 through 142 above and incorporate the same by reference as though fully set forth herein.

144.   Defendant's unauthorized use of Plaintiffs' images and likenesses in connection with creating the false impression that they were affiliated with and endorsed Defendant's business constitutes unfair competition under the common law of New Jersey.

145.   As a direct and proximate result of Defendant's scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendant's strip club, Defendant enjoyed increased revenues and profits.

146.   As a further direct and proximate result of Defendant's deliberate and willful conduct, Plaintiffs suffered actual damages in an amount to be established at trial.

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Defendant as follows:

1.    For actual, consequential, and incidental damages in an amount to be proven at trial;

2.    For the amount due, owing and unpaid to Plaintiffs representing the fair market value of their services;

3.    For trebling of damages;

4.    For punitive damages in an amount to be proven at trial;

5.      For prejudgment interest in an amount proscribed by law;

6.      For disgorgement of Defendant's profits;

7.      For costs of this lawsuit including reasonable attorney's fees; and

8.      For such other and further relief as to this court seem just, proper and

equitable.

### JURY DEMAND

Plaintiffs hereby demand trial by jury as to all issues in the above matter.

Respectfully submitted,

Date: August 31, 2017             BARON & BUDD, P.C.

                                  s/ Jonas P. Mann
                                  Jonas P. Mann
                                  jmann@baronbudd.com

                                  Roland Tellis
                                  rtellis@baronbudd.com
                                  **BARON & BUDD, P.C.**
                                  15910 Ventura Boulevard, Suite 1600
                                  Encino, California  91436
                                  Telephone:  (818) 839-2333
                                  Facsimile:   (818) 986-9698

                                  Raymond P. Boucher
                                  ray@boucher.la
                                  **BOUCHER LLP**
                                  21600 Oxnard Street, Suite 600
                                  Woodland Hills, California 91367
                                  Telephone:  (818) 340-5400
                                  Facsimile:   (818) 340-5401